[12 NYS3d 900]

In the Matter of JEFFREY SCOTT SCHWARTZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 22, 2015

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Daniel M. Mitola* of counsel), for Grievance Committee for the Tenth Judicial District.

*Catherine A. Sheridan*, Scarsdale, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent has submitted an affidavit sworn to on April 9, 2015, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The respondent acknowledges in his affidavit that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress.

The respondent acknowledges that he is currently the subject of a disciplinary proceeding commenced by the Grievance Committee for the Tenth Judicial District. He acknowledges that he was served with a petition containing 14 charges of professional misconduct, including the following allegations: (1) that he failed to preserve client funds entrusted to him as a fiduciary and failed to maintain required bookkeeping records; (2) that he commingled funds with funds deposited in his escrow account belonging to another where possession of such funds was incident to the practice of law; (3) that he engaged in multiple conflicts of interest in real estate transactions; (4) that he failed to properly title checks issued from his escrow account so that it was not clear to recipients that such checks were issued from an escrow account; and (5) that he engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, and adversely reflecting on his fitness as a lawyer. He further acknowledges that he cannot successfully defend himself on the merits against such charges.

The resignation is submitted subject to any application that may be made by the Grievance Committee for an order directing that the respondent make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). The respondent acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The respondent states that he has discussed the decision to resign with his attorney, and is aware of the implications of

submitting his resignation, including the fact that he is barred from seeking reinstatement for a minimum period of seven years.

The Grievance Committee recommends that the Court accept the proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and LEVENTHAL, JJ., concur.

Ordered that the resignation of Jeffrey Scott Schwartz is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey Scott Schwartz is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jeffrey Scott Schwartz shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey Scott Schwartz shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jeffrey Scott Schwartz has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated October 6, 2014 is discontinued.